887 F.2d 266
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sammie L. HILL, Defendant-Appellant.
 No. 89-1126.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Sammie Lewis Hill, was convicted of felon in possession and possession of an unregistered firearm, in violation of 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 992(g). The trial court sentenced defendant to two 36 month concurrent terms with a three year supervised release term following his incarceration. Defendant argues that the sentencing judge improperly departed above the range established by the sentencing guidelines in imposing his sentence. We find that the judge properly departed from the guideline range based upon a legitimate finding of aggravating circumstances. Accordingly, we AFFIRM the sentence imposed by the District Court.
 
 
 2
 The presentence report computes the appropriate sentencing guideline range for defendant to be 15 to 21 months. The record indicates that in departing upwards from the range established by the guidelines, the trial judge considered several incidents of prior criminal behavior of the defendant that did not result in a conviction. In departing upwards, the District Court noted:
 
 
 3
 The guideline range is 15 to 21 months. A review of the defendant's history shows that he's been around drugs as early as 1976 and he also has had a propensity for weapons which was revealed as early as 1980 when he was convicted of attempted carrying a concealed weapon. He was carrying a loaded .32 caliber revolver.
 
 
 4
 Cocaine and marijuana were also found in the car along with $3,631 in cash. In 1985 Flint Police raided his home after making a buy. Drugs and three loaded .32 caliber pistols were seized. This arrest ended via a faulty search warrant and there's no question but that that is the appropriate result.
 
 
 5
 In 1987 Flint Police again raided his home after making a drug purchase. Drugs and ten long guns, one loaded .38 caliber pistol and one sawed off shotgun were found in the home.
 
 
 6
 The defendant's criminal history category of one as noted by the Probation Department is reflective of a person who is a newcomer to the criminal justice system and thus it does not adequately reflect the defendant's criminal involvement and danger to the community and likelihood of future criminal activity. Likewise the defendant's association with drugs is long standing.
 
 
 7
 Defendant argues that the trial court's consideration of his prior criminal behavior in departing upwards from the guidelines was improper.[1] Specifically, defendant argues that the court ignored section 4A1.2 of the Sentencing Guidelines, which provides that any sentence imposed more than 10 years prior to the instant offense is not to be counted in computing a defendant's criminal history under the guidelines. United States Sentencing Commission Guidelines Manual, (Manual) Sec. 4A1.2 at 4.4 (rev. ed. 1988). The presentence report indicated that defendant was arrested for the unlawful possession of marijuana in 1976. The Report correctly noted, however, that this offense was over ten years old, and therefore the Report did not allocate any criminal history points for the offense. In stating that "[a] review of the defendant's history shows that he's been around drugs as early as 1976," the trial court was not assigning points to defendant's criminal history computation. Neither was the court departing from the guidelines based upon the 1976 conviction. The court was merely summarizing the defendant's criminal past in order to explain why the defendant did not belong in Category I with respect to his criminal history.
 
 
 8
 Section 4A1.3 of the guidelines states that:
 
 
 9
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (e) prior similar adult criminal conduct not resulting in a criminal conviction.
 
 
 13
 Manual, Sec. 4A1.3 at 4.8-4.9. Therefore, the court appropriately relied upon prior criminal acts committed by the defendant that did not result in conviction.
 
 
 14
 Defendant further argues that the court relied upon "a prior arrest record itself," in violation of section 4A1.3 of the guidelines. Manual, Sec. 4A1.3 at 4.9 ("However, a prior arrest record itself shall not be considered under Sec. 4A1.3"). The court did not simply rely upon a prior arrest record in departing upwards from the guidelines. Rather, the trial court relied upon all of the circumstances surrounding defendant's criminal history in determining that this history did not reflect his past and probable future criminal involvement.
 
 
 15
 Title 18 U.S.C. Sec. 3553(b) provides for departure from the guidelines. This section states, in part:
 
 
 16
 The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.
 
 
 17
 18 U.S.C. Sec. 3553(b) (Supp. V 1987).
 
 
 18
 Title 18 U.S.C. Sec. 3742(e) governs our review of a sentence:
 
 
 19
 (e) Consideration. Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 20
 3. is outside the applicable guideline range, and is unreasonable, having regard for--
 
 
 21
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of the title; and
 
 
 22
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of Sec. 3553(c)....
 
 18 U.S.C.A. Sec. 3742(e) (West Supp.1989)
 
 23
 In United States v. Joan, No. 88-3857, slip op. at 7 (6th Cir. August 25, 1989), this Court adopted the First Circuit's three-step analysis for reviewing sentences that depart from the guidelines:
 
 
 24
 First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.
 
 
 25
 Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error. See 18 U.S.C. Sec. 3742(d).
 
 
 26
 Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness.
 
 
 27
 Joan, slip op. at 6 (quoting United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.1989)).
 
 
 28
 Applying the first step of the analysis, we find that the trial court properly followed section 4.A1.3(e) in departing from the guidelines. Based upon the court's statement of its reasons for departure set forth above, we find that there was no clear error in the trial court's departure from the guidelines. Finally, we find that the degree of departure by the trial court was reasonable. Although in sentencing defendant to two 36 month terms, the court treated defendant as the guidelines require for a Criminal History Category V defendant, as it noted and the presentence report indicated, the defendant was no newcomer to the criminal justice system. As we stated in Joan, "Trial judges are on the front line dealing with real live defendants, and are in a far better position than appellate courts to determine the circumstances justifying an upward departure." Joan, slip op. at 10. Because the trial court's action in departing from the guidelines does not appear to be "with little or no basis," we defer to the trial court's judgment. Id.
 
 
 29
 Accordingly, the sentence imposed by the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The United States argues that because defendant failed to object to the court's statement of reasons for departure before the district court, defendant has waived his objection. 18 U.S.C. Sec. 3742(a), however, states:
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 * * *
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range....
 18 U.S.C.A. Sec. 3742(a) (West Supp.1989). Therefore, this court may review defendant's sentence.